(C. D. 1072)

FLORIDA SPONGE & CHAMOIS CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 5, 1947)

*Siegel, Mandell & Davidson* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: The merchandise the subject of these protests consists of sponges imported from Cuba on which the collector of customs assessed duty at the rate of 15 per centum ad valorem under the provision in paragraph 1545 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 1545), as amended by the British Trade Agreement reported in T. D. 49753, for—

* * * sponges, commercially known as * * * grass * * *.

Each of the protests at bar, as originally filed, contained a claim for duty at the rate of 6 per centum ad valorem under paragraph 1545, "pursuant to Trade Agreement with Cuba dated Sept. 3, 1934," which covers merchandise responding to the classification of "Sponges not specially provided for." By timely amendment, a claim was added to each protest for duty at the rate of "6% less 20% under paragraph 1545 and Treasury Decisions 47232, 50050, 50541, as sponges, n. s. p. f."

Counsel have stipulated and agreed as follows:

It is stipulated and agreed, between the parties hereto, that the merchandise represented by the items marked "A" and initialed "J. J. O." by Examiner J. J. O'Connor, Jr., on the invoices covered by the protests enumerated above, assessed with duty at 15% ad valorem under paragraph 1545 of the Tariff Act of 1930 as amended by the Treaty with United Kingdom dated January 1st, 1939, consists in fact of "new grass" sponges, also known as "Matacambia" sponges, similar in all material respects to the merchandise the subject of *James H. Rhodes & Co.* v. *United States*, C. D. 1045, wherein the merchandise was held to be dutiable at 6% ad valorem under the provisions of paragraph 1545 less 20%, as amended by T. D. 47232, as sponges not specially provided for.

It is further stipulated and agreed that the record in C. D. 1045 be incorporated in the record in this case and that the protests be submitted on this stipulation, the protests being limited to the items marked "A" as aforesaid.

The *Rhodes* case, *supra*, which was reported in 18 Cust. Ct. 62, C. D. 1045, involved so-called "new grass" sponges which had been classified by the collector of customs as grass sponges, but which, upon the evidence adduced at the trial, were held not to respond to the tariff classification of "Sponges: Commercially known as * * *

grass" in view of the fact that the "new grass" sponges have different physical characteristics and different uses from those of grass sponges, and that the trade reserved the appellation "grass" sponges to a particular commodity which was carefully differentiated from the "new grass" sponges.

However, in describing the holding of this court in the *Rhodes* case, the stipulation above quoted is not accurate, for the merchandise there involved was held to be dutiable under paragraph 1545, as amended by the Cuban Trade Agreement, at *6 per centum ad valorem only, and not at 6 per centum, less 20 per centum, as recited in the stipulation.*

Column 1 of schedule II of the Cuban Reciprocal Trade Agreement, reported in T. D. 47232, indicates with respect to articles falling within the tariff classification of "Sponges not specially provided for" a minimum preferential reduction to Cuba of 20 per centum, and article III of that agreement provides that the percentage appearing in column 1 of schedule II is to be "applied to the lowest rates of duty, respectively, now or hereafter payable on like articles the growth, produce, or manufacture *of any other foreign country.*" [Italics mine.]

Column 2 of schedule II of the said agreement indicates with respect to "Sponges not specially provided for" a maximum rate of duty of 6 per centum. Article III of the agreement provides that the percentage appearing in column 2 of schedule II is to be applied to such articles when the "growth, produce, or manufacture *of the Republic of Cuba.*" [Italics mine.]

This latter rate of duty is exclusive to Cuba, and constitutes a preferential duty on Cuban products. *F. H. Von Damm v. United States,* 25 C. C. P. A. 97, T. D. 49094. The minimum preferential reduction percentage of 20 per centum would become applicable, under the provisions of article III of the agreement, only if the rate of duty on sponges not specially provided for, the product of *any other foreign country than Cuba,* should be reduced to a point where 6 per centum would not represent a preferential duty to Cuban sponges of that character to the minimum extent of 20 per centum. This arrangement was not changed by the supplementary trade agreements with Cuba reported in T. D.'s 50050 and 50541.

The only rate of duty in effect at the time of importation of the sponges at bar which would be applicable to such sponges, if they were the growth, produce, or manufacture of any country other than Cuba, was that provided for in paragraph 1545, as originally enacted by Congress; namely, 15 per centum. As the 6 per centum rate provided in column 2 of schedule II of the Cuban Trade Agreement was more than 20 per centum lower than the 15 per centum rate in the tariff act, column 1 of schedule II of the Cuban Trade Agreement would not become operative, and the only rate applicable to the sponges at

bar, the growth, produce, or manufacture of Cuba, was 6 per centum ad valorem, as specified in column 2 of schedule II of the agreement.

Upon the record made, and accepting the balance of the stipulation as establishing the facts therein recited, the claim made in each of the protests for duty at the rate of 6 per centum ad valorem under paragraph 1545, as amended by the Cuban Trade Agreement, is sustained only as to the merchandise marked "A" and initialed J. J. O. by Examiner J. J. O'Connor, Jr., on the invoices. In all other respects and as to all other merchandise the protests are overruled.

Judgment will issue accordingly.